```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ANTIDE DUVERNOIR, OVERDIEU DUVERNOIR, YTERAS EXULUS, PAUL PETIT,

        Plaintiffs,

vs.                     Case No. 2:05-cv-150-FtM-33DNF

FRED SMITH,

        Defendant.

_____

**ORDER**

This matter comes before the Court upon the Motion for Entry of Default Judgment and Assessment of Damages Against Defendant Fred Smith (Doc. #16) filed by Plaintiff on August 3, 2005. Having reviewed the motion and the supporting memorandum and declaration of counsel, it is now appropriate to enter default against the Defendant.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

1. This Court has jurisdiction over the subject matter of this cause and over the person of Defendant Fred Smith.

2. Each of the Plaintiffs is a seasonal and/or migrant agricultural worker within the meaning of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1802(8)(A), 29 U.S.C. § 1802(10)(A).

3. At all times relevant to this action, Defendant Fred Smith was a farm labor contractor within the meaning of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1802(7).

4. Judgment is hereby entered against Defendant Fred Smith and in favor of the Plaintiffs for the following intentional violations of the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations during the following three watermelon harvest seasons: 2003 Immokalee watermelon harvest, 2003 Ocala watermelon harvest, and 2003 South Carolina watermelon harvest.

### 2003 Immokalee Watermelon Harvest

A. Failing to pay wages when due (29 U.S.C. § 1831(c)(1), 29 C.F.R. 500.80(a));

B. Failing to provide to the Plaintiffs wage statements and/or incomplete wage statements (29 U.S.C. § 1831(c)(2), 29 C.F.R. 500.80(d));

C. Failing to keep and preserve payroll records (29 U.S.C. § 1831(c)(1), 29 C.F.R. 500.80(a);

D. Failing to post the required posters (29 U.S.C. § 1831(b), 29 C.F.R. 500.76(d)(1));

E. Failing to comply with the working arrangement by not providing field sanitation (29 U.S.C. § 1832(c));

**2003 Ocala Watermelon Harvest**

F. Failing to pay the Plaintiffs their wages promptly when due, including payment of Social Security (FICA) taxes, 29 U.S.C. § 1822(a);

G. Failing to provide wage statements containing the data required to be included by the Act and its attendant regulations, 29 U.S.C. § 1821(d)(2) and 29 C.F.R. § 500.80(d);

H. Failing to make, keep and maintain proper and accurate payroll records, as required by 29 U.S.C. § 1821(d)(1) and 29 C.F.R. § 500.80(a);

I. Failing to disclose to the Plaintiffs in writing at the time of recruitment the terms and conditions of the Ocala job, 29 U.S.C. § 1821(a) and 29 C.F.R. § 500.75(b));

J. Violating without justification his working arrangement with the Plaintiffs, 29 U.S.C. § 1822(c);

K. Failing to post the required posters (29 U.S.C. § 1821(b));

**2003 South Carolina Watermelon Harvest**

L. Failing to pay the Plaintiffs their wages promptly when due, including payment of Social Security (FICA) taxes, 29 U.S.C. § 1822(a);

M. Failing to provide wage statements containing the data required to be included by the Act and its attendant regulations, 29 U.S.C. § 1821(d)(2) and 29 C.F.R. § 500.80(d);

N. Failing to make, keep and maintain proper and accurate payroll records, as required by 29 U.S.C. § 1821(d)(1) and 29 C.F.R. § 500.80(a);

O. Failing to disclose to the Plaintiffs in writing at the time of recruitment the terms and conditions of the Ocala job, 29 U.S.C. § 1821(a) and 29 C.F.R. § 500.75(b));

P. Violating without justification his working arrangement with the Plaintiffs, 29 U.S.C. § 1822(c);

Q. Failing to post the required posters (29 U.S.C. § 1821(b));

R. Utilizing employees in farm labor contracting activities without the employees having been issued certificates of registration by the Secretary of Labor, 29 U.S.C. § 1811(b);

S. Transporting or causing to be transported the Plaintiffs in a vehicle without having an insurance policy or liability bond insuring the Defendant in the amounts set forth by the Secretary of Labor against liability for the operation or causing to be operated of this vehicle, 29 U.S.C. § 1841(b)(1)(C) and 29 C.F.R. §§ 500.121 and 500.122;

T. Engaging in farm labor contracting activities without proper authorization, 29 U.S.C. § 1811(a); and,

U. Failing to check the license of an unregistered farm labor contractor, 29 U.S.C. § 1842, 29 C.F.R. §500.71.

6. The Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1854(c)(1), authorizes the award of actual damages or up to $500 in statutory damages for each violation of the Act. The Plaintiffs have elected to seek statutory damages for all of the violations of the Act.

7. In assessing statutory damages in this case, the Court is mindful of the factors articulated by other courts. <u>Martinez v. Shinn</u>, 992 F.2d 997 (9th Cir. 1993), <u>Herrera v. Singh</u>, 103 F. Supp. 2d 1244 (E.D. Wash. 2000); <u>Bertrand v. Jorden</u>, 672 F. Supp. 1417, 1425 (M.D. Fla. 1987); <u>Sanchez v. Overmyer</u>, 845 F. Supp. 1183 (N.D. Ohio 1993). The Court concludes that the award of the full amount of $500 per violation in statutory damages authorized under the AWPA is appropriate in this instance, given the serious, non-technical nature of the violations, statutory damage awards in similar cases and the ability of Smith to prevent future violations of the Act.

8. Defendant Smith is hereby ordered to file W-2 forms with respect to the labor of the Plaintiffs during the 2003 Immokalee, 2003 Ocala, and 2003 South Carolina watermelon harvest seasons within 90 days of the date of this order and shall provide copies of the W-2 forms to the Plaintiffs' counsel.

9. Defendant Smith is directed to comply with the Migrant and Seasonal Agricultural Worker Protection Act and its implementing regulations.

10. The Clerk shall enter judgment in favor of the Plaintiffs and against Defendant Fred Smith as follows:

| | |
|---|---|
| Antide Duvernoir | $11,000.00 |
| Overdieu Duvernoir | $11,000.00 |
| Yteras Exulus | $2, 500.00 |
| Paul Petit | $6,500.00 |

11.  The monetary judgment set forth in this judgment shall carry post-interest judgment at the legal rate from this date until paid in full.

12.  The Clerk shall enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this __17th__ day of August, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record

-6-